UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONALD BURGO** | **CIVIL NO. 6: 11-cv-1338** |
| **VS.** | **SECTION P** |
| **WARDEN ROBERT HENDERSON** | **JUDGE HAIK** |
| | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 by *pro se* petitioner Donald Burgo on July 18, 2011. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections, incarcerated at the C. Paul Phelps Correctional Center in DeQuincy, Louisiana.

Petitioner complains of events leading to his 2006 convictions for cruelty to the infirmed, entered in the 16th Judicial District Court for St. Mary Parish, for which he is serving an eight year concurrent sentence. More specifically, petitioner complains that the original misdemeanor charges of simple battery involving domestic violence were wrongfully amended and upgraded to felony charges of second degree battery and cruelty to the infirmed. Petitioner then claims that the case was thereafter improperly transferred from the City Court of Morgan City to the Sixteenth Judicial District Court for disposition.

## LAW AND ANALYSIS

This court's records demonstrate that petitioner filed a previous federal petition for writ of *habeas corpus* in which he attacked these same convictions. *Donald Burgo v. Robert Henderson, Warden*, No. 6:10-cv-1647, 2011 WL 1188703 and 2011 WL 2357218 (W.D. La. 2011).

That petition was denied and dismissed with prejudice on March 25, 2011 because the petition was barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). In that petition, petitioner raised the following claims: (1) insufficiency of the evidence; (2) double jeopardy; (3) ineffective assistance of counsel; and, (4) illegal use of other crimes evidence. Petitioner's request for a certificate of appealability remains pending the United States Court of Appeals for the Fifth Circuit. *Donald Burgo v. Robert Henderson, Warden*, No. 11-30355 (5th Cir. 2011).

On July 18, 2011, petitioner filed the instant federal petition alleging the following claims for relief: (1) denial of the right to a trial on the original misdemeanor charges; (2) denial of the right to an appeal; (3) double jeopardy violation by amending and upgrading the original misdemeanor charges to felony charges; and, (4) that the court and city prosecutor lacked jurisdiction to amend, upgrade and transfer the matter to the 16th Judicial District Court.

This is Burgo's second federal *habeas corpus* petition filed in this court. Petitioner attacks here the same convictions that were the subject of his previous petition. AEDPA

does not define what constitutes a "second or successive" petition. However, decisions of the United States Fifth Circuit Court of Appeals provide guidance in determining when a § 2254 petition should be considered second or successive for purposes of § 2244.

A prisoner's petition is not second or successive simply because it follows an earlier federal petition. *In Re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Rather, a later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.* Thus, the provision has been described as "modified *res judicata* rule" which bars claims which were ripe for disposition at the time the original petition was filed, but which were inexcusably not raised in that earlier petition. *United States v. Orozco-Ramirez*, 211 F.3d 862, 868-871 (5th Cir. 2000). Such claims are deemed second or successive. *Id.*

The Fifth Circuit has also found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir. 1999) *citing Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Thus, the Fifth Circuit has suggested a focus of the inquiry is whether in the prior petition, the petitioner received an adjudication on the merits of his claims.

Clearly, under either standard, the instant petition is "second or successive." Petitioner's double jeopardy claim was raised in his prior petition. Moreover, the remaining claims raised herein could have been raised in the previous petition – the complained of actions occurred on September 22, 2005 when the original misdemeanor charges were amended and upgraded and the case was transferred to the 16th Judicial District Court for disposition.

Furthermore, petitioner's first federal *habeas corpus* petition, Civil Action No. 6:10-1647, was dismissed with prejudice as time-barred by the provisions of 28 U.S.C. § 2244(d). Although a dismissal based upon the statute of limitation does not include an examination of the merits of the underlying substantive claims presented in the petition, such a dismissal is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under the AEDPA.[1] Hence, Burgo's second

---

[1] *Barrow v. Cain,* 2007 WL 1035023, *2 (W.D. La. 2007) *citing Villanueva v. United States,* 346 F.3d 55, 61 (2nd Cir. 2003), *Murray v. Greiner,* 394 F.3d 78, 81 (2nd Cir. 2005), *Guyton v. United States,* 23 Fed. Appx. 539, 540 (7th Cir. 2001) (dismissal of a *habeas* petition "because the district court determined, albeit erroneously, that it was not filed within the applicable statute of limitations . . . operates to dispose of the case on the merits as much as an erroneous finding that a petitioner had failed to state an element of a claim."), *Gray v. Dretke*, 2005 WL 1768750, *2 (S.D. Tex. 2005), *United States v. Casas,* 2001 WL 1002511, at *2 (N.D. Ill. 2001) (holding that the dismissal of a prior federal petition under the statute of limitation is "akin to a dismissal on the merits, and thus bars a subsequent petition" unless authorized by the court of appeals), *Reyes v. Vaughn*, 276 F. Supp.2d 1027, 1029 (C.D. Cal. 2003) (holding that a previous dismissal based on the statute of limitations "is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under AEDPA.") and *United States v. Harris*, 2002 WL 31859440, *3 (E.D. Pa. 2002) ("the term 'second or successive petition'...whose post-AEDPA meaning by necessity includes habeas petitions by defendants whose initial petitions were dismissed on statute of limitations grounds."); *Lee v. Cain,* 2007 WL 2446123 (W.D. La. 2007); *Middleton v. Cain,* 2007 WL 2081003, *2 (W.D. La. 2007); *Cate v. Ayers,* 2001 WL 1729214, at *3-4 (E.D. Cal. 2001) (stating that "[t]he law is clear that a dismissal based on the statute of limitations is an adjudication of the merits of the claim" and "operates as a final judgment on the merits" thus, holding that a petition for federal *habeas corpus* relief was successive within the meaning of section 2244(b) because the petitioner previously had filed a federal petition that was dismissed as untimely). *See also Plaut v. Spendthrift Farm,* 514 U.S. 211, 228, 115 S.Ct. 1447, 1457, 131 L.Ed.2d 328 (1995)

petition is unquestionably second and successive.

Before this petition may be considered by this court, petitioner is required to obtain authorization to file this second or successive § 2254 petition from the Fifth Circuit in accordance with 28 U.S.C. § 2244(b)(3)(A) which provides in part, "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The record does not show that petitioner has received such authorization. Until such time as petitioner obtains said authorization, this court is without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

In *In Re Epps*, 127 F.3d 364 (5th Cir. 1997), the Fifth Circuit adopted a specific procedure to be employed when a successive petition is transferred from a district court. *Epps* implies that the transfer of successive *habeas corpus* petitions to the Fifth Circuit for consideration under § 2244 is proper. Moreover, transfer of this case appears appropriate and authorized under 28 U.S.C. § 1631.[2]

---

*citing United States v. Oppenheimer,* 242 U.S. 85, 87-88, 37 S.Ct. 68, 61 L.Ed. 161 (1916) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits."); *Mathis v. Laird,* 457 F.2d 926, 927 (5th Cir.), *cert. denied,* 409 U.S. 871, 93 S.Ct. 201, 34 L.Ed.2d 122 (1972) ("A ruling based on the statute of limitations is a decision on the merits for *res judicata* purposes."); *In re Marino,* 181 F.3d 1142, 1144 (9th Cir. 1999) (same).

[2] Title 28 U.S.C. §1631 provides:
Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred. . . .

**IT IS THEREFORE RECOMMENDED** that the instant second and successive petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 by Donald Burgo be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit for determination as to whether authorization to file a second or successive petition should be granted in accordance with 28 U.S.C. § 2244(b)(3)(A).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in chambers, in Lafayette, Louisiana, this the 19th day of September, 2011.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE